UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| COLLINS-LEVERETT ASSOCIATES, INC., | § § § | |
| Plaintiff, | § § | |
| vs. | § § | CIVIL ACTION NO  3:15-CV-03744 |
| | § | |
| TRAVELERS CASUALTY INSURANCE COMPANY OF AMERICA, RONNIE DALY, and KEVIN WOOD, | § § § § | |
| | § | |
| Defendants. | | |

## DEFENDANT TRAVELERS CASUALTY INSURANCE COMPANY OF AMERICA'S NOTICE OF REMOVAL

Defendant Travelers Casualty Insurance Company of America files this Notice of Removal under 28 U.S.C. §§ 1332, 1441, and 1446 and states:

## I.
## INTRODUCTION

1.      Plaintiff Collins-Leverett Associates, Inc. ("Plaintiff") commenced this lawsuit on September 25, 2015 by filing Plaintiff's Original Petition ("Petition") in the 193rd Judicial District Court of Dallas County, Texas.

2.      Plaintiff's Petition names Travelers Casualty Insurance Company of America ("Travelers"), Ronnie Daly ("Daly"), and Kevin Wood ("Wood") as Defendants.

3.      Travelers was served with Plaintiff's Petition on October 20, 2015. Kevin Wood was served with Plaintiff's Petition on November 5, 2015. Upon information and belief, Daly has not yet been served.

4.      Travelers files this Notice within the 30-day time period required by 28 U.S.C. § 1446(b).

5.      Daly and Wood need not consent to removal as Travelers contends that these individuals were improperly joined.[1]

## II.
## BASIS FOR REMOVAL

6.      Venue is proper in this District under 28 U.S.C. § 1441(a) because the state court where the action is pending is located in this District.

7.      Removal is proper under 28 U.S.C. § 1332(a) if there is complete diversity between the parties and the amount in controversy exceeds $75,000, exclusive of interest, costs and attorneys' fees. These two conditions are satisfied in this matter.

**A.      Removal is Proper Because Complete Diversity of Citizenship Exists Between Plaintiff and Travelers.**

8.      Collins-Leverett Associates, Inc. is a company incorporated in the state of Texas with its principal place of business in Texas. Plaintiff is thus a citizen of Texas for diversity jurisdiction purposes.

9.      Travelers Casualty Insurance Company of America is a Connecticut insurance company with its principal place of business in Connecticut. Travelers is thus a citizen of Connecticut for diversity jurisdiction purposes.

10.     Ronnie Daly is a resident of the state of Texas and has been improperly joined to defeat this Court's diversity jurisdiction. There is no possibility that Plaintiff will be able to establish a cause of action against Daly in this lawsuit.

11.     Kevin Wood is a resident of the state of Texas and has been improperly joined to defeat this Court's diversity jurisdiction. There is no possibility that Plaintiff will be able to establish a cause of action against Wood in this lawsuit.

---

[1]    *Rico v. Flores*, 481 F.3d 234, 239 (5th Cir. 2007).

12.     Because Daly and Wood were improperly joined as Defendants in this action, their citizenship should be disregarded for jurisdictional purposes, and complete diversity of citizenship exists between Plaintiff and Travelers (now and on the date Plaintiff filed this lawsuit).

### (1)     Plaintiff Improperly Joined Daly and Wood as Defendants to Defeat This Court's Diversity Jurisdiction.

13.     Improper joinder exists when there is actual fraud in the pleading of jurisdictional facts or the plaintiff is unable to establish a cause of action against the non-diverse defendant(s).[2] This second condition is met when there is no reasonable basis for predicting the plaintiff might recover against the improperly-joined in-state defendant.[3]

14.     In this action, Plaintiff has asserted claims against two in-state individuals. Ronnie Daly is an in-house adjuster employed by Travelers. Kevin Wood is the owner of Pro-Craft Contractors and was retained by Travelers to examine the Property and issue a damage estimate.

15.     However, as the courts within this District have recognized, removal is proper when an insured-plaintiff's petition fails to allege facts that would plausibly lead to the conclusion that the insured-plaintiff suffered damage due to a non-diverse adjuster or consultant's conduct (bearing in mind that ultimately the insurer-defendant makes the decision as to whether to pay, and what to pay, the insured-plaintiff).[4] That is the case here, as Plaintiff's Petition fails to allege facts which would permit Plaintiff to recover from Daly and/or Wood

---

[2]     See One Way Investments v. Century Ins. Co., Civil Action No. 3:14-CV-2839-D, 2014 WL 6991277 at *2 (N.D. Tex. Dec. 11, 2014) (Fitzwater, J.).

[3]     See id.

[4]     See Plascencia v. State Farm Lloyds, Civ. A. 4:14-CV-00524-A, at 14 (N.D. Tex. Sept. 25, 2014) (Mem. Op.) (McBryde, J.),; see also Messersmith v. Nationwide Mut. Fire Ins. Co., 10 F.Supp.3d 721, 724-25 (N.D. Tex. 2014) (Solis, J.); One Way Investments, 2014 WL 6991277, at *3-*5.

under Texas law.

16.     The core of Plaintiff's complaint is that Travelers failed to pay the full amount which Plaintiff claims it was owed under the Travelers policy. Although Plaintiff alleges that defendants Daly and Wood engaged in purported violations of the Texas Insurance Code, Plaintiff makes conclusory allegations and fails to identify any specific wrongdoing committed by each adjuster. For example, Plaintiff alleges that all Defendants are liable for engaging in unfair settlement practices under the Texas Insurance Code.[5] Yet, Plaintiff does not make a single reference to Wood or provide any explanation whatsoever as to how Wood is liable for unfair settlement practices.[6]

17.     Further, Plaintiff's other allegations against Daly (unfair and deceptive trade practices, negligence, and conspiracy) and Wood (negligent misrepresentation and conspiracy) merely consist of labels, conclusions, and formulaic recitations of the causes of action. For instance, Plaintiff does not mention any specific action taken by either Wood or Daly in its claim for conspiracy.[7] Plaintiff merely lists the elements of a conspiracy cause of action and concludes that "[Travelers], Daly, and Wood worked together" to intentionally deprive Plaintiff of the benefits of the Policy.[8] Similarly, Plaintiff solely relies on conclusory statements in its cause of action for unfair and deceptive acts against Daly. [9]

18.     Even if Plaintiff's Petition offered more than conclusory allegations and mere recitations of the causes of action asserted against Daly and Wood, which it does not, Plaintiff's

---

[5]     *See* Plaintiff's Petition at page 7.

[6]     *Id*. at pages 7-9.

[7]     *Id.* at page 13.

[8]     *Id.* at page 13.

[9]     *Id* at pages 9-11.

Petition would nevertheless fall short of establishing a viable cause of action against Daly and Wood. Indeed, this Court has held – as a substantive matter – that an individual insurance adjuster (like Daly) cannot be held liable on the statutory claims asserted against Daly in Plaintiff's Original Petition.[10]   Similarly, this Court has recognized that other persons who investigate and consult with an insurance company in the adjustment of a claim (like Wood) lack privity with the insured, and therefore are not persons "engaged in the business of insurance under the Texas Insurance Code."[11]

   **(2)   _Plaintiff's Claims against Daly and Wood Bear the "Badges of Improper Joinder."_**

19.    Not only does Plaintiff fail to allege facts sufficient to permit recovery from Daly and/or Wood under Texas law, its claims also bear "badges of improper joinder" recently recognized by this Court.[12]

20.    As this Court has recognized, a "badge of improper joinder is the failure of the plaintiff to cause service of process to be accomplished on the defendant whose presence is a

---

[10]   _See, e.g., Messersmith v. Nationwide Mut. Fire Ins. Co._, 10 F.Supp.3d 721, 723-24 (N.D. Tex. 2014) (Solis, J.) (holding that adjuster-defendant was improperly joined because, in executing his duties as an adjuster, the adjuster-defendant could not be held liable for alleged violations of Section 542 of the Texas Insurance Code or the Texas Deceptive Trade Practices Act); _One Way Investments,_ 2014 WL 6991277 at *3-5 (holding that adjuster-defendant was improperly joined because, in executing his duties as an adjuster, the adjuster-defendant could not be held liable for purported violations of  Section 541 of the Texas Insurance Code); _see also Slabaugh v. Allstate Ins. Co._, No. 4:15-CV-115, 2015 WL 4046250, at *4, 8-10 (E.D. Tex. June 30, 2015) (adopting Magistrate Judge's conclusion that adjuster-defendant was improperly joined because, in executing his duties as an adjuster, the adjuster-defendant could not be held liable for purported violations of Section 541 of the Texas Insurance Code or the Texas Deceptive Trade Practices Act); _Glen Willows,_ 2011 WL 1044206, at *5 (denying insured's motion to remand because "'Unfair Insurance Practices' or negligent insurance adjusting, is not a cognizable tort in Texas").

[11]   _See, e.g., Craig Penfold Properties, Inc. v. Travelers Cas. Ins. Co.,_ No. 3:14-CV-326-L, 2014 WL 4055356, at *5-6 (N.D. Tex. Augt. 14, 2014) (Lindsay, S) (holding with regards to an engineering firm that was "hired by [the insurer] for the specific purpose of examining the Property and providing an analysis of the likely cause and extent of damage to the insured Property," that "engineers who investigate and consult with insurance companies in the adjustment of a claim are not 'persons engaged in the business of insurance' under the [Texas] Insurance Code" Consequently, there was "no reasonable basis for the court to predict that [the insured] might recover on its negligence claim against [the engineering firm], the in-state defendant.").

[12]   _See Plascencia_ at 15-18.

---

potential impediment to removal to federal court."[13] Here, upon information and belief, despite the fact that the lawsuit was filed on October 20, 2015, Daly has not yet been served with process in this matter.

21.     With respect to another badge of improper joinder, Plaintiff has no "plausible reason for suing [Daly and Wood] other than to defeat diversity jurisdiction."[14] There is no credible reason why a favorable judgment on Plaintiff's claims against Travelers (if warranted) would fail to afford Plaintiff full and complete relief. Nor is there any "suggestion that a recovery by [P]laintiff against [Daly and/or Wood] would provide any financial gain to [P]laintiff."[15] Thus, it is evident that Plaintiff's claims against Daly and Wood are intended solely to deprive this Court of jurisdiction.

**B.** **Removal is Proper Because Plaintiff's Claimed Damages Exceed This Court's Jurisdictional Threshold of $75,000.**

22.     If it is facially apparent that Plaintiff's claims in this suit exceed $75,000, exclusive of interest, costs, and attorney's fees, Travelers' burden to establish that the amount in controversy exceeds this Court's jurisdictional threshold is satisfied.[16]

23.     Here, Plaintiff's Petition states that Plaintiff seeks to recover more than $1,000,000 in this lawsuit.[17] It is thus facially apparent that Plaintiff's claims exceed this Court's jurisdictional threshold of $75,000.

---

[13]   *Plascencia* at 17.

[14]   *Id.* at 18.

[15]   *Id*.

[16]   *Allen v. R&H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1999).

[17]   *See* Plaintiff's Petition at page 1.

## III.
## CONCLUSION

24.     Pursuant to 28 U.S.C. § 1446(d), a true and correct copy of this Notice will be filed with the clerk of the District Clerk of Dallas County, Texas promptly after the filing of this Notice.

25.     As required by 28 U.S.C. § 1446(a), and Local Rule 81.1, a copy of each of the following are attached to (or filed with) this Notice:

a.      an index of all documents attached to (or filed with) this Notice that clearly identifies each such document and indicates the date the document was filed in state court (if applicable);

b.      a copy of the docket sheet in the state court action;

c.      each document filed in the state court action (as separate attachments arranged in chronological order according to state court filing date); and

d.      a separately signed certificate of interested persons that complies with Local Rule 3.1(c).

26.     Pursuant to 28 U.S.C. § 1446(d), written notice of filing of this Notice will be given to all adverse parties promptly after the filing of this Notice.

WHEREFORE, Defendant Travelers Casualty Insurance Company of America requests that this action be removed from the 193rd Judicial District Court of Dallas County, Texas, to the United States District Court for the Northern District of Texas, Dallas Division, and that this Court enter such further orders as may be necessary and appropriate.

Respectfully submitted,

**ZELLE HOFMANN VOELBEL & MASON LLP**

By: _____/s/ Jennifer L. Gibbs_____
    James W. Holbrook, III
    Texas Bar No. 24032426
    jholbrook@zelle.com
    Jennifer L. Gibbs
    Texas Bar No. 24050656
    jgibbs@zelle.com

901 Main Street, Suite 4000
Dallas, TX  75202-3975
Telephone:    214-742-3000
Facsimile:    214-760-8994

**ATTORNEYS FOR DEFENDANT
TRAVELERS CASUALTY INSURANCE
COMPANY OF AMERICA**

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing has been served this 19th day of November, 2015, in accordance with the FEDERAL RULES OF CIVIL PROCEDURE as follows:

Adam Q. Voyles
adam@lubelvoyles.com
Texas State Bar No. 24003121
McKenna Harper
Texas State Bar No. 24041056
LUBEL VOYLES LLP
5020 Montrose Boulevard, Suite 800
Houston, TX 77006
Telephone:    713-284-5200
Facsimile:    713-284-5250
*Attorneys for Plaintiff Collins-Leverett Associates, Inc.*

James Carlos Canady
Ccanady@canadylawfirm.com
Texas State Bar No. 24034357
THE CANADY LAW FIRM
5020 Montrose Boulevard, Suite 800
Houston, TX 77006
Telephone:    713-284-5204
Facsimile:    713-284-5250
*Attorney for Plaintiff Collins-Leverett Associates, Inc.*

_____/s/ Jennifer L. Gibbs_____
Jennifer L. Gibbs