# Exhibit A

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| COLLINS-LEVERETT ASSOCIATES, INC., Plaintiff, | § | |
| vs. | § | CIVIL ACTION NO 3:15-CV-03744 |
| TRAVELERS CASUALTY INSURANCE COMPANY OF AMERICA, RONNIE DALY, and KEVIN WOOD, Defendants. | § | |

**EXHIBIT A**

1. Index of All Documents Filed in the State Court Action
2. Docket Sheet in the State Court Action
3. Documents filed in the State Court Action
    a. Plaintiffs' Original Petition with Discovery Attached
    Filed: September 25, 2015
    b. Affidavit of Service of Citation on Travelers
    Filed: October 22, 2015
    c. Affidavit of Service of Citation on Kevin Wood
    Filed: November 9, 2015
    d. Defendant Travelers Casualty Insurance Company's Answer to Original Petition
    Filed: November 13, 2015
    e. Court's Scheduling Order
    Signed and Filed: November 13, 2015
    f. Court's Order in Limine
    Signed and Filed: November 13, 2015
    g. Court's Mediation Order
    Signed and Filed: November 13, 2015

# Exhibit A-1

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| COLLINS-LEVERETT ASSOCIATES, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO 3:15-CV-03744 |
| | § | |
| TRAVELERS CASUALTY INSURANCE COMPANY OF AMERICA, RONNIE DALY, and KEVIN WOOD, | § | |
| | § | |
| Defendants. | § | |

**INDEX OF DOCUMENTS FILED IN THE STATE COURT ACTION**

1. Index of All Documents Filed in the State Court Action
2. Docket Sheet in the State Court Action
3. Documents filed in the State Court Action
4. Plaintiffs' Original Petition with Discovery Attached
   Filed: September 25, 2015
5. Affidavit of Service of Citation on Travelers
   Filed: October 22, 2015
6. Affidavit of Service of Citation on Kevin Wood
   Filed: November 9, 2015
7. Defendant Travelers Casualty Insurance Company's Answer to Original Petition
   Filed: November 13, 2015
8. Court's Scheduling Order
   Signed and Filed: November 13, 2015
9. Court's Order in Limine
   Signed and Filed: November 13, 2015
10. Court's Mediation Order
    Signed and Filed: November 13, 2015

# Exhibit A-2

Skip to Main Content Logout My Account Search Menu New Civil District Search Refine Search Back		Location : All District Civil Courts Images Help

# REGISTER OF ACTIONS

CASE NO. DC-15-11829

**COLLINS-LEVERETT ASSOCIATES, INC. vs. TRAVELERS CASUALTY INSURANCE COMPANY OF AMERICA, et al** § § § § §

Case Type: **OTHER (CIVIL)**
Date Filed: **09/25/2015**
Location: **193rd District Court**

## PARTY INFORMATION

| | | Lead Attorneys |
|---|---|---|
| **DEFENDANT** | **DALY, RONNIE** | |
| **DEFENDANT** | **TRAVELERS CASUALTY INSURANCE COMPANY OF AMERICA** | **JENNIFER L. GIBBS**<br>*Retained*<br>214-742-3000(W) |
| **DEFENDANT** | **WOOD, KEVIN** | |
| **PLAINTIFF** | **COLLINS-LEVERETT ASSOCIATES, INC.** | **ADAM VOYLES**<br>*Retained*<br>713-650-1200(W) |

## EVENTS & ORDERS OF THE COURT

OTHER EVENTS AND HEARINGS

09/25/2015 **NEW CASE FILED (OCA) - CIVIL**
09/25/2015 **ORIGINAL PETITION**
*PLAINTIFF'S ORIGINAL PETITION, REQUEST FOR DISCLOSURE AND FIRST REQUEST FOR PRODUCTION*
09/25/2015 **JURY DEMAND**
09/25/2015 **ISSUE CITATION**
09/29/2015 **CITATION**
*ATTY/AM*

| | | |
|---|---|---|
| TRAVELERS CASUALTY INSURANCE COMPANY OF AMERICA | Served | 10/20/2015 |
| | Returned | 10/22/2015 |
| DALY, RONNIE | Unserved | |
| WOOD, KEVIN | Served | 11/05/2015 |
| | Returned | 11/09/2015 |

10/22/2015 **RETURN OF SERVICE**
*AFFIDAVIT OF SERVICE*
10/27/2015 **RETURNED MAIL**
*NOTICE OF INITIAL DISMISSAL HEARING*
11/09/2015 **RETURN OF SERVICE**
*AFFIDAVIT OF SERVICE*
11/13/2015 **ORIGINAL ANSWER - GENERAL DENIAL**
11/13/2015 **SCHEDULING ORDER**
Vol./Book 359L, Page 794, 6 pages
11/13/2015 **ORDER - LIMINE**
Vol./Book 359L, Page 795, 5 pages
11/13/2015 **ORDER - MEDIATION**
*RICHARD FAULKNER*
Vol./Book 359L, Page 796, 5 pages
01/28/2016 *CANCELED* **DISMISSAL FOR WANT OF PROSECUTION** (1:30 PM) (Judicial Officer GINSBERG, CARL)
*BY COURT ADMINISTRATOR*
09/20/2016 **Jury Trial - Civil** (9:30 AM) (Judicial Officer GINSBERG, CARL)

## FINANCIAL INFORMATION

**PLAINTIFF** COLLINS-LEVERETT ASSOCIATES, INC.

| | | | | |
|---|---|---|---|---|
| | Total Financial Assessment | | | 389.00 |
| | Total Payments and Credits | | | 389.00 |
| | **Balance Due as of 11/18/2015** | | | **0.00** |
| 09/28/2015 | Transaction Assessment | | | 389.00 |
| 09/28/2015 | CREDIT CARD - TEXFILE (DC) | Receipt # 57551-2015-DCLK | COLLINS-LEVERETT ASSOCIATES, INC. | (389.00) |

# Exhibit A-3

# Exhibit A-3-a

DALLAS COUN
9/25/2015 10:38:12
FELICIA PIT
DISTRICT CLE

CAUSE NO. DC-15-11829

Christi Underwood

| | | |
|---|---|---|
| COLLINS-LEVERETT ASSOCIATES, INC.<br>Plaintiff | §<br>§<br>§<br>§ | IN THE DISTRICT COURT OF |
| VS. | §<br>§ | DALLAS COUNTY, TEXAS |
| TRAVELERS CASUALTY INSURANCE COMPANY OF AMERICA, RONNIE DALY & KEVIN WOOD<br>Defendants | §<br>§<br>§<br>§ | ______ JUDICIAL DISTRICT |

**PLAINTIFF'S ORIGINAL PETITION, REQUEST FOR DICLOSURE AND FIRST REQUEST FOR PRODUCTION**

COMES NOW, Plaintiff, Collins-Leverett Associates, Inc. (hereinafter sometimes referred to as "Plaintiff"), and files this Original Petition, Request for Disclosure, and First Request for Production against Defendant Travelers Casualty Insurance Company of America, Ronnie Daly and Kevin Wood (collectively "Defendants") and for cause of action would show the following:

## I. DISCOVERY CONTROL PLAN

1. Plaintiff intends to conduct discovery under Level 3 of Texas Rule of Civil Procedure 190.4.

2. Plaintiff contends that the jury is the sole decision maker on the amount of damages suffered by Plaintiff, but as required by Texas Rules of Civil Procedure 47, Plaintiff seeks monetary relief of greater than $1,000,000. Plaintiff seeks above $1,000,000 in damages.

## II. PARTIES & PROPERTY

3. Plaintiff is Collins-Leverett Associates, Inc. ("Plaintiff"). The property at issue is located at 400 N. Loop 288, Denton, Texas 76209 (the "Property"). The insurance policy at issue is number 8799N900 (the "Policy").

4. Defendant Travelers Casualty Insurance Company of America ("TCIC") is an insurance company engaged in the business of insurance and operating in the State of Texas procuring and adjusting policies in Texas. TCIC may be served through its registered agent at the following address: Corporation Services Company, 211 East 7th Street, Suite 620, Austin, Texas 78701-3218.

5. Defendant Ronnie Daly ("Daly") is an individual and resident domiciled in the State of Texas engaging in the business of insurance adjusting polices and claims in Texas. Ronnie Daly may be served at the following address: 1301 East Collins Boulevard, Richardson, Texas 75081.

6. Kevin Wood ("Wood") is an individual and resident domiciled in the State of Texas engaging in the business of contracting and insurance adjusting in Texas. Kevin Wood may be served at the following address: 940 W FM 544 Unit 1808, Wylie, Texas 75098-3279 or at his business at 3401 Express Drive, Garland, Texas 75041.

## III.
## VENUE & JURISDICTION

7. Venue is proper in Dallas County, Texas pursuant to Texas Civil Practice and Remedies Code section 15.002(a)(1), because it is the county in which all or a substantial part of the events or omissions giving rise to the claim occurred. Specifically, the acts and omissions made the basis of this claim occurred in Dallas County, Texas.

8. The Court has subject matter jurisdiction over the controversy because the amount in controversy exceeds the minimum jurisdictional limits of the Court.

9. The Court has personal jurisdiction over Daly because he is a resident of Texas. The Court has personal jurisdiction over TCIC because it does business in Texas and the acts and omissions giving rise to the claims and causes of action asserted herein occurred in Dallas County, Texas.

## IV.
## FACTS

10.     Plaintiff owns a shopping center located at 400 N. Loop 288, Denton, Texas 76209 (the "Property"). The shopping center houses several small businesses.

11.     Plaintiff was assigned the Policy by TCIC for the Property.

12.     TCIC sold Plaintiff the Policy, insuring the Property that is the subject of this lawsuit. Plaintiff suffered significant losses with respect to the Property due to a weather event, including strong winds and hail.

13.     Plaintiff submitted a claim to TCIC for damage to the Property as a result of the weather event. The damage to Plaintiff's Property is extensive.

14.     Defendants negligently concluded there was no or limited damage to the exterior of the Property as a result of the weather event.

15.     Defendants wrongfully refused Plaintiff's claim for repairs to the Property. Defendants refused Plaintiff's claim for repairs even though the Policy provided coverage for losses such as those suffered by Plaintiff as a result of the weather event. Furthermore, TCIC has refused to provide full coverage for the damages sustained by the Plaintiff. Additionally, TCIC continues to deny payment for damages to the property as a result of hail, wind and/or rain. As such, Plaintiff has not been paid in full for the damages to the Property.

16.     TCIC failed to perform its contractual duties to adequately compensate Plaintiff under the terms of the Policy. Specifically, TCIC refused to pay the full proceeds of the Policy, although due demand was made for proceeds to be paid in an amount sufficient to cover the damaged property and all conditions precedent to recovery upon the Policy had been carried out and accomplished by Plaintiff. TCIC's conduct constitutes a breach of the insurance contract.

17.     Defendants misrepresented to Plaintiff that the damage to the Property was not covered under the Policy, even though the damage was caused by a covered occurrence.

18.     TCIC failed to make an attempt to settle Plaintiff's claim in a fair manner, although they were aware of their liability to Plaintiff under the Policy.

19.     Defendants failed to adequately explain to Plaintiff the reasons for their offer of an inadequate settlement.  Specifically, TCIC failed to offer Plaintiff adequate compensation, without any explanation why full payment was not being made.

20.     TCIC and Daly failed to affirm or deny coverage of Plaintiff's claim within a reasonable time.  Specifically, Plaintiff did not receive timely indication of acceptance or rejection, regarding the full and entire claim, in writing from TCIC. Defendants conduct is a violation of the Texas Insurance Code, Unfair Settlement Practices. Tex. Ins. Code §541.060, *et. seq.*

21.     TCIC refused to fully compensate Plaintiff, under the terms of the Policy, even though TCIC and Daly failed to conduct a reasonable investigation.  Specifically, TCIC and Daly performed an outcome-oriented investigation of Plaintiff's claim, which resulted in a biased, unfair and inequitable evaluation of Plaintiff's losses on the Property.

22.     From and after the time Plaintiff's claim was presented to TCIC, the liability of TCIC to pay the full claim in accordance with the terms of the Policy was reasonably clear. However, TCIC has refused to pay Plaintiff in full, despite there being no basis whatsoever on which a reasonable insurance company would have relied on to deny full payment.  TCIC's conduct constitutes a breach of good faith and fair dealing.  Defendants conduct is a violation of the Texas Insurance Code, Unfair Settlement Practices. Tex. Ins. Code §541.060, *et. seq.*

23.     TCIC and Daly knowingly or recklessly made false representations, as described above, as material facts and/or knowingly concealed all or part of material information from Plaintiff.

24. For example, one of the acts of TCIC and Daly was to use Kevin Wood to provide cost estimates for the repairs necessary and needed for the Property. Upon information and belief, Kevin Wood is a former TCIC claims adjuster. Kevin Wood presented himself and his business, Pro-Craft General Contractors, Inc. as independent, non-biased contractors providing an independent and unbiased assessment of the storm damage. In truth, Kevin Wood was an approved and recommended vendor of TCIC, not an independent and unbiased third-party contractor. Wood provided a damage/repair estimate that was woefully inadequate and did not compensate for requisite code complaint repairs.

25. As a result of the Defendants' wrongful acts and omissions, Plaintiff was forced to retain the attorneys who are representing Plaintiff in this cause of action.

26. TCIC breached the insurance contract thus relieving Plaintiff of any corresponding obligation on the contract. TCIC's refusal to accept liability without justification was unreasonable and unjust. Defendants conduct is a violation of the Texas Insurance Code, Unfair Settlement Practices. Tex. Ins. Code §541.060, *et. seq.*

## V.
## CAUSES OF ACTION

### A. BREACH OF CONTRACT (against TCIC)

27. Paragraphs above are incorporated by reference.

28. TCIC's conduct constitutes a breach of the insurance contract entered into between Plaintiff and Defendant.

29. TCIC and Plaintiff entered into an insurance contract in which TCIC agreed to pay for direct physical loss of or damage to covered property at the premises described in the declarations caused by or resulting from any covered cause of loss. Plaintiff suffered such a loss as a result of hail, wind and rain, which was a covered loss under the terms of the insurance contract. TCIC breached the contract by refusing to pay Plaintiff for the damage to the property

as a result of hail, wind and/or rain.

30. TCIC failed to conduct a reasonable investigation of the damage to Plaintiff's property as a result of hail, wind and/or rain. TCIC performed an outcome-oriented investigation of Plaintiff's claim, which resulted in a biased, unfair and inequitable evaluation of Plaintiff's claim.

31. TCIC failed to pay Plaintiff amongst other things for direct physical loss to the exterior and interior of the Property as a whole.

32. TCIC failed to pay Plaintiff amongst other things for direct physical loss to the roof of the Property.

33. TCIC's failure and refusal, as described above, to pay the adequate compensation as it is obligated to do so under the terms of the policy in question constitutes a material breach of the insurance contract with Plaintiff. Plaintiff has suffered damages in the form of actual damages, consequential damages and reasonable and necessary attorney's fees as a result of a direct physical loss to covered property as a result of a covered loss.

34. TCIC's breach proximately caused Plaintiff's injuries and damages. All conditions precedent required under the Policy have been performed, excused, waived or otherwise satisfied by Plaintiff.

**B. PROMPT PAYMENT OF CLAIMS STATUTE (Against TCIC)**

35. Paragraphs above are incorporated by reference.

36. The claims at issue are claims under an insurance policy with TCIC, of which Plaintiff gave TCIC proper notice. TCIC is liable for the claims.

37. TCIC violated the prompt payment of claims provisions of the Texas Insurance Code, namely, section 542.021 *et. seq.*, by:

a. Failing to acknowledge or investigate the claim or to request from Plaintiff all items, statements and forms that TCIC reasonably believed would be

required within the time constraints provided by Tex. Ins. Code § 542.055;

b. Failing to notify Plaintiff in writing of its acceptance or rejecting of the claims within the applicable time constraints provided by Tex. Ins. Code § 542.056; and/or

c. Delaying payment of the claims following TCIC's receipt of all items, statements, and forms reasonably requested and required, longer than the amount of time provided by Tex. Ins. Code § 542.058.

38. TCIC is therefore liable to Plaintiff for damages. In addition to Plaintiff's claim for damages, Plaintiff is further entitled to 18% interest and attorneys' fees as set forth in section 542.060 of Texas Insurance Code.

**C. UNFAIR SETTLEMENT PRACTICES/BAD FAITH (against all Defendants)**

39. Paragraphs above are incorporated by reference.

**CONDUCT OF TCIC**

40. As explained further herein, TCIC violated Tex. Ins. Code § 541.060(a) by engaging in unfair settlement practices.

41. TCIC engaged in unfair settlement practices by:

a. Misrepresenting to Plaintiff a material fact or policy provision relating to coverage at issue;

b. Failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of claims with respect to which the insurer's liability had become reasonably clear;

c. Failing to promptly provide to Plaintiff a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for the insurer's denial of a claim or offer of a compromise settlement of a claims;

d. Failing within a reasonable time to affirm or deny coverage of a claim to Plaintiff or submit a reservation of rights to Plaintiff; and

e. Refusing to pay the claim without conducting a reasonable investigation with respect to a claim.

42. Each of the aforementioned unfair settlement practices was committed knowingly by TCIC and was a producing cause of Plaintiff's damages. TCIC is therefore liable to Plaintiff

for engaging in such unfair settlement practices and causing Plaintiff damages.

**CONDUCT OF DALY**

43. Daly was a contractor and/or adjuster assigned by TCIC to assist with adjusting the claims. Daly was charged with investigating the claims and communicating with the insured about the Policy terms. Insurance adjusters are "persons engaged in the business of insurance" under Tex. Ins. Code 541.001, *et. seq.*, and are individually liable for their individual violations of the Texas Insurance Code. *See Liberty Mut. Ins. Co. v. Garrison Contractors, Inc.*, 966 S.W. 2d 482, 486 (Tex. 1998).

44. Daly was tasked with the responsibility of conducting a thorough and reasonable investigation of Plaintiff's claims, including discovering covered damages and fully quantifying covered damages to Plaintiff's insured Property.

45. Daly conducted a substandard, results-oriented inspection of the Property. As such, Daly failed to discover covered damages and/or fully quantify covered damages to Plaintiff's Property, as the Policy and Texas law require.

46. Further, Daly misrepresented material facts to Plaintiff, that is, the existence and true value of Plaintiff's covered losses. Additionally, Daly failed to provide Plaintiff a reasonable explanation as to why TCIC was not compensating Plaintiff for the covered losses, or the true value thereof.

47. Thus, Daly engaged in unfair settlement practices by:

f. Misrepresenting to Plaintiff a material fact or policy provision relating to coverage at issue;

g. Failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claims with respect to which the insurer's liability had become reasonably clear;

h. Failing to promptly provide to Plaintiff a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for TCIC's denial of a claim or offer of a compromise settlement of a claim; and/or

i. Failing to conduct a reasonable investigation of Plaintiff's claims.

48. Each of the aforementioned unfair settlement practices was committed knowingly by Daly and was a producing cause of Plaintiff's damages. Daly is therefore liable to Plaintiff for engaging in such unfair settlement practices and causing Plaintiff damages.

**D. UNFAIR AND DECEPTIVE TRADE PRACTICES ACT (against Daly)**

49. Paragraphs above are incorporated by reference.

50. Daly's conduct of deceptively denying the damage to the property relating to the weather events of hail, wind and/or rain constitute unfair and deceptive trade practices.

51. Daly is individually liable for his unfair and deceptive acts by performing an outcome-oriented investigation of Plaintiff's claim, which resulted in a biased, unfair and inequitable evaluation of Plaintiff's claim of denying Plaintiff's insurance claim by concluding that the damage to Plaintiff's property was not a result of wind, hail and/or rain.

52. Daly is liable for his unfair and deceptive acts because he attempted to minimize or manipulate the damage to the roof, particularly the soffit, by maneuvering and/or moving the damaged soffit and then telling the Plaintiff that there was either no damage or the damage was minimal.

53. Daly is liable for his unfair and deceptive acts because his attempt to minimize or manipulate the damage to the roof, particularly the soffit, by maneuvering and/or moving the damaged soffit caused additional damage to the soffit.

54. Daly's unfair practice, as described above, of misrepresenting to Plaintiff that the damage to the property as a whole was not a result of wind, hail and/or rain is a material fact relating to the coverage at issue and constitutes an unfair method of competition or an unfair or deceptive act or practice in the business of insurance.

55. Daly's unfair practice, as described above, of misrepresenting to Plaintiff that the damage to the roof was not a result of winds, hail and/or rain is a material fact relating to the coverage at issue and constitutes an unfair method of competition or an unfair or deceptive act or practice in the business of insurance.

56. Daly's unfair practice, as described above, of misrepresenting to Plaintiff that the damage to the roof, particularly the soffit was not a result of winds, hail and/or rain is a material fact relating to the coverage at issue and constitutes an unfair method of competition or an unfair or deceptive act or practice in the business of insurance.

57. Daly's unfair settlement practices of deceptively refusing Plaintiff's claim by concluding the damage to Plaintiff's property was not a result of wind, hail and/or rain, as described above, and failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim with Plaintiff, even though Daly's liability under the policy was reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance.

58. Additionally, Daly's conduct violated the Deceptive Trade Practices Act by engaging in false, misleading or deceptive acts and practices by deny Plaintiff's claim on the basis that the damage to the property was either pre-existing damage and/or material failures. The storm that cause this damage were major weather events that severely damaged structures in the surrounding areas, but Daly employed an outcome oriented investigation for the sole purpose of denying Plaintiff's claim.

59. Daly's conduct was in or affecting commerce.

60. Each of the acts described above, together and singularly, constitutes a deceptive trade practice in violation.

61. Plaintiff was a "consumer" in that Plaintiff purchased the policy by and the insurance contract forms the basis of this action. Daly's conduct constitutes an unfair or deceptive trade practice in the following ways:

a. Daly misrepresented to the claimant-insured a material fact or policy provision relating to coverage at issue;

b. Daly failed to attempt in good faith to effectuate a prompt, fair and equitable settlement of the claim with respect to which the insurer's liability became reasonably clear;

c. Daly refused to pay the claim without a reasonable investigation on its part with respect to the claim.

62. Plaintiff has been damaged as a result of Daly's deceptive trade practices in an amount equal to the costs of repairs and attorneys fees. Plaintiff also seeks treble damages from Daly.

**E. NEGLIGENCE (against Daly)**

63. Paragraphs above are incorporated by reference.

64. Daly conduct of manipulating the damage to the roof, particularly the soffit, by maneuvering and/or moving the damaged soffit caused additional damage to the roof and/or hide existing damage.

65. Daly was negligent by destructively testing Plaintiff's roof and causing additional and permanent damage which Daly has refused to repair or fix. Daly is individually liable for their negligence in damaging the soffit of the roof and/or hiding known storm damage effecting the structural integrity of the roof system.

66. Daly had no reasonable basis to destroy and damage Plaintiff's property. Daly's decision to manipulate the soffit on Plaintiff's roof was negligent because it was unwarranted, unauthorized and caused additional damage, which has never been repaired.

67. Daly engaged in negligent and misleading conduct with regard to Plaintiff

regarding its actions of damaging Plaintiff's property by manipulating the soffit on the roof of Plaintiff's building.

68. Daly's conduct constitutes negligence and gross neglect by intentionally and tortiously destroying Plaintiff's business structure and then trying to blame Plaintiff for Daly's own conduct.

69. Plaintiff has been damaged as a result of Daly's negligence in damaging its building and manipulating the soffit on the roof of its business structure in the amount of the cost of repairs.

**F. NEGLIGENT MISREPRESENTATION (against Wood)**

70. Paragraphs above are incorporated by reference.

71. The elements of a claim for negligent misrepresentation are: (1) defendant made a representation to plaintiff in the course of the defendant's business; (2) the defendant supplied false information for the guidance of others; (3) the defendant did not exercise reasonable care or competence in obtaining or communicating the information; (4) the plaintiff justifiably relied on the representation; and (5) the defendant's negligent misrepresentation proximately caused the plaintiff's injury.

72. Here, Wood held himself out as an independent and unbiased contractor specializing the in storm damage claims. These representations were not completely true and accurate.

73. Wood made repair and materials estimates which failed to comply with relevant City of Denton codes, prepared estimates that were not accurate and/or did not include the relevant and necessary information, and prepared estimates to underbid or undervalue the repairs necessary to repair the Property in compliance with all applicable codes and standards.

74.     As a result of Wood's conduct and misrepresentations, Plaintiff was injured in an amount equal to the costs of necessary repairs.

**G.     CONSPIRACY (against all Defendants)**

75.     Paragraphs above are incorporated by reference.

76.     The elements for a claim of conspiracy are that (1) the defendant was a member of a combination of two or more persons with the object of accomplishing an unlawful purpose or an unlawful purpose by unlawful means; (2) the members had a meeting of the minds on the object or course of action; (3) one of the members committed an unlawful, over act to further the object or course of action; and (4) the plaintiff suffered injury as a proximate result of the wrongful act.

77.     Here, TCIC, Daly and Wood worked together to delay, deny and underpay a lawful insurance claim.  TCIC, Daly and Wood knew of the extent of the damage caused to the Property and intentionally took actions to mislead Plaintiff as to the extent, nature and cause of the damage.  As a result of TCIC, Daly and Wood's conduct, Plaintiff was not paid for the damages to the Property and was forced to make repairs out of their own funds and have been damaged to the extent of the damage caused.

## VI.
## DAMAGES

78.     Paragraphs above are incorporated by reference.

79.     Plaintiff complains of Defendants and prays Defendants be cited to appear and answer and on the final trial of the merits, Plaintiff recovers from Defendants the following:

80.     Plaintiff would show that all of the above mentioned acts, taken together or singularly, constitute the proximate of damages sustained by Plaintiff.

81.     For breach of contract, Plaintiff is entitled to regain the benefit of its bargain, which is the amount of the claim, together with attorney's fees.

82. Plaintiff is entitled to actual damages, which includes the loss of the benefits that should have been paid pursuant to the policy, including, but not limited to, direct and indirect consequential damages, loss of income, mental anguish, court cost and attorney's fees.

83. Plaintiff also seeks treble damages for Defendant's unfair method or unfair or deceptive act or practice in the business of insurance.

## VII.
## NOTICE OF INTENT TO USE DISCOVERY AT TRIAL

84. Pursuant to Texas Rules of Civil Procedure 193.7, Plaintiff hereby gives notices that Plaintiff intends to use all discovery instruments produced in this case at trial. Such discovery instruments include, but are not limited to, all documents Defendants have or will produce in response to Plaintiff's written discovery requests.

## VIII.
## REQUEST FOR DISCLOSURES

85. Under Texas Rule of Civil Procedure 194, Plaintiff requests that Defendants disclose, within 50 days of the service of this request, the information or material described in Rule 194.2.

## IX.
## REQUESTS FOR PRODUCTION

86. Under the authority of Texas Rule of Civil Procedure 196, Plaintiff requests each Defendant served produce the following documents or tangible things within each Defendant's possession custody or control within fifty (50) days of the service of this Original Petition. Accordingly, each Defendant is required to produce the following:

a. Documents evidencing any and all evaluations, estimates, adjustment and/or damage analysis of the Property;

b. Documents evidencing all contracts or agreements with Plaintiff;

c. Documents evidencing TCIC's principle place of business in Texas;

d.     Documents evidencing any and all photographs of the Property;

e.     Documents evidencing any communications by or between TCIC, Wood and/or Daly;

f.     Documents evidencing any payments made by TCIC to Wood or his business;

g.     Documents evidencing any and all communications with Plaintiff, their agents and/or others regarding the Property;

h.     Documents evidencing any and all insurance policies, renewals, site inspections or valuations for the Property;

i.     Documents evidencing any and all premiums charged and/or collected by you from Plaintiff relating to the Property;

j.     Documents evidencing any and all claims made relating to the Property and/or denials of any such claims;

k.     Documents evidencing any and all policy applications made for the Property by Plaintiff including but not limited to your evaluations or assessments as to the condition of the Property.

l.     Documents evidencing any and all how the amount of the insurance policy for the Property was derived.

m.     Documents evidencing any and all studies, reports, investigation, analysis or records concerning weather events prepared by you or for you regarding any weather conditions that may have caused damage to the Property;

n.     Documents evidencing any and all payments made by you to Plaintiff or for repairs made to the Property; and

o.     Documents evidencing any and all repairs made to the Property by you or at your direction.

## X.
## JURY DEMAND

87.     Plaintiff demands a jury trial and has tendered the appropriate fee.

**XI.**
**PRAYER**

For these reasons, Plaintiff asks that Defendants be cited to appear and answer herein and that after trial Plaintiff have judgment against Defendants for actual damages, costs, pre and post judgment interest, attorneys fees, treble damages and for all other relief to which Plaintiff is entitled.

Respectfully submitted,

**LUBEL VOYLES LLP**

By: /s/ Adam Q. Voyles
Adam Q. Voyles
Texas State Bar No.: 24003121
McKenna Harper
Texas State Bar No.: 24041056
5020 Montrose Blvd., Suite 800
Houston, Texas 77006
Telephone No.: (713) 284-5200
Facsimile No.: (713) 284-5250
Email: adam@lubelvoyles.com

**THE CANADY LAW FIRM**
James Carlos Canady
Texas State Bar No.: 24034357
5020 Montrose Blvd., Suite 800
Houston, TX 77006
Telephone No.: (713) 284-5204
Facsimile No.: (713) 284-5250
Email: ccanady@canadylawfirm.com

**ATTORNEYS FOR PLAINTIFF**

# Exhibit A-3-b

DALLAS COUN
10/22/2015 8:35:39
FELICIA PIT
DISTRICT CLE

193rd District Court of DALLAS County, Texas
600 COMMERCE STREET, 4TH FLOOR DALLAS TX 75202

Dianne Coffey

CASE #: DC-15-11829

**COLLINS-LEVERETT ASSOCIATES**

*Plaintiff*
**vs**
**TRAVLERS CASUALTY INSURANCE COMPANY OF AMERICA, RONNIE DALY & KEVIN WOOD**

*Defendant*

**AFFIDAVIT OF SERVICE**

I, FLOYD J BOUDREAUX, make statement to the fact;
That I am a competent person more than 18 years of age or older and not a party to this action, nor interested in outcome of the suit. That I received the documents stated below on 10/20/15 9:57 am, instructing for same to be delivered upon Travelers Casualty Insurance Company Of America By Delivering To Its Registered Agentcorporation Services Company.

That I delivered to : Travelers Casualty Insurance Company Of America By Delivering To : Its Registered Agentcorporation Services Company. By Delivering : to Sue Vertrees, Customer Service

the following : CITATION; PLAINTIFF'S ORIGINAL PETITION, REQUEST FOR DISCLOSURE : AND FIRST REQUEST FOR PRODUCTION

at this address : 211 E. 7th ST. STE# 620 : Austin, Travis County, TX 78701

Manner of Delivery : by PERSONALLY delivering the document(s) to the person above.

Delivered on : OCT 20, 2015 10:45 am

My name is FLOYD J BOUDREAUX, my date of birth is JAN 10th, 1943, and my address is Professional Civil Process Downtown, 2211 S. IH 35, Suite 203, Austin TX 78741, and U.S.A. I declare under penalty of perjury that the foregoing is true and correct. Executed in Travis County, State of Texas, on the 20 day of OCT, 2015.

FLOYD J BOUDREAUX Declarant
381

Texas Certification#: SCH-3506 Exp. 02/28/17

Private Process Server
Professional Civil Process Of Texas, Inc
103 Vista View Trail Spicewood TX 78669
(512) 477-3500

PCP Inv#: Z15A00152
SO Inv#: A15A05144

AX02A15A05144

+ Service Fee: 70.00
Witness Fee: .00
Mileage Fee: .00

tomcat

Voyles, Adam Q.

**E-FILE RETURN**

# Exhibit A-3-c

DALLAS COUN
11/9/2015 10:32:12
FELICIA PIT
DISTRICT CLE

Dianne Coffey

193rd District Court of DALLAS County, Texas
600 COMMERCE STREET, 4TH FLOOR DALLAS TX 75202

CASE #: DC-15-11829

**COLLINS-LEVERETT ASSOCIATES**

*Plaintiff*
**vs**
**TRAVLERS CASUALTY INSURANCE COMPANY OF AMERICA, RONNIE DALY & KEVIN WOOD**

*Defendant*

**AFFIDAVIT OF SERVICE**

I, SHEILA CHINA, make statement to the fact;
That I am a competent person more than 18 years of age or older and not a party to this action, nor interested in outcome of the suit. That I received the documents stated below on 11/05/15 10:16 am, instructing for same to be delivered upon Wood, Kevin.

That I delivered to : Wood, Kevin.

the following : CITATION; PLAINTIFF'S ORIGINAL PETITION, REQUEST FOR DISCLOSURE : AND FIRST REQUEST FOR PRODUCTION

at this address : 3401 EXPRESS DRIVE
: Garland, Dallas County, TX 75041

Manner of Delivery : by PERSONALLY delivering the document(s) to the person above.

Delivered on : November 5, 2015 11:20 am

My name is SHEILA CHINA, my date of birth is September 13th, 1956, and my address is Professional Civil Process Dallas, Inc., 2206 Century Center Blvd., Irving TX 75062, and U.S.A. I declare under penalty of perjury that the foregoing is true and correct.

Executed in Dallas County, State of Texas, on the 6 day of November, 2015.

Sheila China
SHEILA CHINA Declarant
2218

Texas Certification#: SCH-11638 Exp. 09/30/18

Private Process Server
Professional Civil Process Of Texas, Inc PCP Inv#: D15A01132
103 Vista View Trail Spicewood TX 78669 SO Inv#: A15A05157
(512) 477-3500

AX02A15A05157

+ Service Fee: 140.00
Witness Fee: .00
Mileage Fee: .00

serverd

Voyles, Adam Q.

**E-FILE RETURN**

# Exhibit A-3-d

DALLAS COUN
11/13/2015 11:16:01
FELICIA PIT
DISTRICT CLE

CAUSE NO. DC-15-11829

| | | |
|---|---|---|
| COLLINS-LEVERETT ASSOCIATES, INC., Plaintiff, | § § § § § | IN THE DISTRICT COURT OF |
| vs. | § § | DALLAS COUNTY, TEXAS |
| TRAVELERS CASUALTY INSURANCE COMPANY OF AMERICA, RONNIE DALY, and KEVIN WOOD, Defendants. | § § § § § | 193RD JUDICIAL DISTRICT |

**DEFENDANT, TRAVELERS CASUALTY INSURANCE COMPANY OF AMERICA'S ANSWER TO PLAINTIFF'S ORIGINAL PETITION**

Defendant Travelers Casualty Insurance Company of America ("Travelers") submits the following Answer to Plaintiff Collins-Leverett Associates Inc.'s Original Petition. On information and belief, neither Ronnie Daly nor Kevin Wood has been served in this matter.

## I. GENERAL DENIAL

Pursuant to Rule 92 of the TEXAS RULES OF CIVIL PROCEDURE, Defendant generally denies each and every allegation contained in Plaintiff's Original Petition and demands strict proof thereof. By this general denial, Defendant demands that Plaintiff prove every fact in support of its claims relating to the TEXAS INSURANCE CODE, the DECEPTIVE TRADE PRACTICES ACT, negligence, conspiracy, and breach of contract by a preponderance of the evidence. By this general denial, Defendant further demands that Plaintiff prove every fact in support of its exemplary damages claim by clear and convincing evidence.

## II.
## AFFIRMATIVE DEFENSES

1.      Plaintiff's claims are subject to all of the terms, conditions, limitations and exclusions contained in the Travelers Casualty Insurance Company of America policy number 8799N900 (the "Policy").

2.      The amount recoverable for Plaintiff's claims is limited by the applicable limits and any sub-limits contained in the Policy.

3.      Plaintiff's claims are barred, in whole or in part, to the extent the claimed loss or damage was pre-existing and/or did not occur during the applicable policy period.

4.      Plaintiff's claims are barred, in whole or in part, to the extent the physical loss of or damage was not caused by or resulting from a covered cause of loss.

5.      Plaintiff's claims are barred, in whole or in part, by Plaintiff's neglect to use all reasonable means to save and preserve the property from further damage at and after the time of loss.

6.      Plaintiff's claims are barred, in whole or in part, to the extent the claimed damage was caused by or resulted from wear and tear, rust, corrosion, deterioration, hidden or latent defect, or any quality in property that causes it to damage or destroy itself.

7.      Plaintiff's claims are barred, in whole or in part, to the extent Plaintiff's claimed damage was caused by or resulted from faulty, inadequate or defective planning, development, design, specifications, workmanship, repair, construction, renovation, remodeling, grading, compaction, materials or maintenance of part or all of any property.

8.      Plaintiff's claims are barred, in whole or in part, to the extent the claimed damage was caused by or resulted from continuous or repeated seepage or leakage of water, or the

presence or condensation of humidity, moisture or vapor that occurs over a period of 14 days or more.

9.      Plaintiff's claims for interior damage or loss are barred, in whole or in part, to the extent the property did not first sustain a storm-created opening in the roof or walls from wind or hail.

10.     Plaintiff's claims are barred, in whole or in part, to the extent Plaintiff and/or their agents' acts or omissions proximately caused or contributed to Plaintiff's injury.

11.     Plaintiff's claims are barred, in whole or in part, pursuant to the doctrine of accord and satisfaction.

12.     Plaintiff's claims are barred, in whole or in part, by the equitable doctrines of laches, estoppel, waiver, and unclean hands.

13.     A bona fide controversy exists concerning the extent of Plaintiff's entitlement to benefits under the Policy.  Travelers and its employees, agents, representatives, and adjusters are entitled to value claims differently from Traveler's policyholders without facing extra-contractual liability. Travelers would show that a bona fide controversy exists regarding the scope of any alleged covered loss and/or whether and the extent to which any asserted loss was the result of a covered occurrence or occurrences to covered property.

14.     Defendant reserves the right to assert additional defenses as additional information becomes available or apparent as this litigation proceeds.

## III.
## PRAYER

Defendant prays that (i) Plaintiff's claim for relief be denied in its entirety, (ii) Plaintiff takes nothing, and (iii) Defendant be granted such other and further relief to which it is justly entitled.

Respectfully submitted,

**ZELLE HOFMANN VOELBEL & MASON LLP**

By: */s/ Jennifer L. Gibbs*
James W. Holbrook, III
Texas Bar No. 24032426
jholbrook@zelle.com
Jennifer L. Gibbs
Texas Bar No. 24050656
jgibbs@zelle.com

901 Main Street, Suite 4000
Dallas, TX 75202-3975
Telephone: 241-742-3000
Facsimile: 214-760-8994

**ATTORNEYS FOR DEFENDANT TRAVELERS CASUALTY INSURANCE COMPANY**

**CERTIFICATE OF SERVICE**

This is to certify that a true and correct copy of the foregoing Original Answer has been served this 13th day of November, 2015, in accordance with the TEXAS RULES OF CIVIL PROCEDURE as follows:

Adam Q. Voyles
adam@lubelvoyles.com
Texas State Bar No. 24003121
McKenna Harper
Texas State Bar No. 24041056
LUBEL VOYLES LLP
5020 Montrose Blvd., Suite 800
Houston, TX 77006
Telephone: 713-284-5200
Facsimile: 713-284-5250

James Carlos Canady
Ccanady@canadylawfirm.com
Texas State Bar No. 24034357
THE CANADY LAW FIRM
5020 Montrose Blvd., Suite 800
Houston, TX 77006
Telephone: 713-284-5204
Facsimile: 713-284-5250
***ATTORNEYS FOR PLAINTIFF***

*/s/ Jennifer L. Gibbs*
Jennifer L. Gibbs

# Exhibit A-3-e

3591

DC-15-11829

**COLLINS-LEVERETT ASSOCIATES, INC.**
**vs.**
**TRAVELERS CASUALTY INSURANCE COMPANY OF AMERICA, et al**

**IN THE DISTRICT COURT**
**193RD JUDICIAL DISTRICT**
**DALLAS COUNTY TEXAS**

## 193rd JUDICIAL DISTRICT COURT'S STANDING SCHEDULING ORDER

In accordance with Rules 166, 190 and 192, of the Texas Rules of Civil Procedure (TRCP), the Court issues the following Order to control the scheduling of this cause.

### TRIAL SETTING, AMENDMENT OF DATES & DISMISSAL FOR WANT OF PROSECUTION

This case will be ready and is set for trial on **September 20, 2016 at 9:30 a.m:** the "Initial Trial Setting." Any reset or continuance of the Initial Trial Setting will not alter any deadline in this Order or established by the Texas Rules of Civil Procedure unless otherwise provided by Order, or by the agreement of the parties, in accordance with TRCP 11. When no announcement is made for Plaintiff(s) or the Plaintiff(s) fail to appear, the Court may dismiss this case for want of prosecution, pursuant to: (i) Rule 165a TRCP; (ii) the Dallas County Local Civil Rules; and/or (iii) the Court's inherent power to dismiss cases not diligently prosecuted, with a hearing on dismissal for want of prosecution to be held at the time of trial.

### DEADLINES & TIMELINES

The following pre-trial matters will be completed by the following dates (in the event that one of these dates falls on a weekend or holiday, the date will be the first preceding date, which is not a weekend or a holiday):

1. **Deadline for filing Amended Pleadings Asserting New Claims or Defenses.** – **120 days** before the Initial Trial Setting. (Amended pleadings responsive to timely filed pleadings under this scheduling order may be filed after the deadline for amended pleadings, if filed within two (2) weeks after the pleading to which they respond.)

2. **Deadline to Designate Responsible Third Parties.** – **120 days** before the Initial Trial Setting. Defendants shall file any motions for leave to designate responsible third parties, under Civ. Prac. & Rem. Code §33.004 by this date.

3. **Deadline to Join Additional Parties.** – **120 days** before the Initial Trial Setting. No additional parties may be joined after this date, except on motion for leave showing good cause. This paragraph does not otherwise alter the requirements of Rule 38. This paragraph does not limit a claimant's ability to join a person designated as a responsible third parties, as provided for under Civ. Prac. & Rem. Code §33.004(e). The party joining an additional party shall serve a copy of this Order on the new party concurrently with the pleading joining that party.

4. **Deadline for any Party seeking affirmative relief to designate experts as per Tex. R. Civ. P. 194.2(f)** – **120 days** before the Initial Trial Setting.

5. **Deadline for any Party opposing affirmative relief to designate experts as per Tex. R. Civ. P. 194.2(f)** – **90 days** before the Initial Trial Setting.

6. **Deadline for Designation of Rebuttal Experts as per Tex. R. Civ. P. 194.2(f)** – **85 days** before the Initial Trial Setting. The Parties shall designate rebuttal experts from whom they intend to elicit expert opinion testimony regarding matters not reasonably anticipated prior to that Party's original expert designation deadline.

7. **Deadline to File Dispositive Motions:** – **60 days** before the Initial Trial Setting. All dispositive motions shall be filed no later than this date

8. **Deadline to File No-Evidence Motions.** – **60 days** before the Initial Trial Setting. All no-evidence motions, as provided for by Rule 166a(i), shall be filed by this date. No such Motion shall be heard before the close of the discovery period.

9. **Discovery Closes.** – **50 days** before the Initial Trial Setting. All depositions shall be completed by this date and all written discovery request shall be served so that responses are due no later than this date. Rule 193.5 governs amended or supplemental responses; however, it is presumed that an amended or supplemental response made after this date was not made reasonably promptly.

10. **Deadline to File Motion to Compel.** – **45 days** before the Initial Trial Setting. Any motion to compel responses to discovery (other than relating to factual matters arising after the end of fact discovery) must

be filed no later than this date, except for motions for sanctions as provided for by Rule 193.6.

11. **Deadline to File *Daubert/Robinson* Motions Challenging Opinion Testimony.** – **30 days** after said expert is deposed, or if the expert is not deposed, **21 days** after the end of the discovery period. (These deadlines may be extended upon good cause shown).

The parties may alter these deadlines by agreement, pursuant to TRCP 11.

Except by agreement of the parties, leave of Court, or where expressly authorized by the TRCP, no party may obtain discovery of information subject to TRCP 194 Disclosures by other forms of discovery (*e.g.* a request for production for testifying expert reports, witness statements, *etc.*). Repeated attempts of this type may be treated as an abuse of the discovery process and subject to Court sanctions.

## MEDIATION

The parties shall mediate this case no later than fifty (50) days before the Initial Trial Setting, in accordance with this Court's Standing Mediation Order or any amendment thereto by the Court or the parties. If a Mediation Order is not issued in the case by the Court, the Parties are **ORDERED** to obtain a copy of the Order from the Court Coordinator.

## PRE-TRIAL MATTERS, EXHIBITS, JURY CHARGE, *ETC.*

**For Discovery Level II or III Cases *Only* (Level I cases need not do the following):**

1. **Fourteen (14) days before the Initial Trial Setting**, the parties shall exchange: (i) designations of deposition testimony (by page and line) to be offered in direct examination; (ii) a witness list; (iii) a jury questionnaire, if any; (iv) any Motions in Limine (please note the Court has a Standing Motion in Limine); (v) a proposed jury charge; and (vi) a list of exhibits, including any demonstrative aids and affidavits. The Parties shall exchange copies of any exhibits not previously produced in discovery; over-designation of witness and/or exhibits is strongly discouraged and may be sanctioned. Except for records to be offered by way of business record affidavits, each exhibit must be identified separately and not by category or group designation. Please do not file these documents with the Court, just exchange them among the Parties.

2. **Ten (10) days before the Initial Trial Setting**, the parties shall exchange, in writing, objections to the opposing party's proposed exhibits, including objections under rule 193.7 TRCP, as well as objections to any deposition testimony. The attorneys in charge for each party shall confer on stipulations regarding the materials to be submitted to the Court under this paragraph and each shall attempt to maximize agreement with each opposing attorney on such matters. Please do not file these documents with the Court, just exchange them among the Parties.

3. **On the Trial Date**, the parties shall bring to Court the documents required to have been exchanged in the preceding three paragraphs, along with a proposed Jury Charge for jury trials (**please send via email** – tendering discs and CDs has become environmentally unfriendly) and any Motions in Limine (please note that the Court has its own Standing Motion in Limine). Counsel should be prepared to discuss with the Court an estimate of the length of trial and witnesses to be called (number, identity and anticipated length of testimony).

**FOR ALL CASES (no matter the Discovery Level):** — Unless otherwise notified by the Court Coordinator, all Counsel must appear on the morning of the Trial Date, with witnesses on one-hour standby. Counsel should be advised that, if their case is not reached on the morning of the trial date, they are subject to being held-over on standby for the rest of the week. The Court will not entertain continuances on the day of trial on the ground that a Party did not expect that it would not be reached, absent exigent circumstances.

## PROCEDURES GOVERNING DAUBERT/ROBINSON HEARINGS

A challenge to an expert's opinion must be in writing and specify every ground for such challenge. A failure to specify a ground for a challenge may constitute a waiver of that ground. The challenge, along with all supporting affidavits, deposition excerpts and any other evidence in support thereof, must be filed and served pursuant to the deadlines set forth in this Order. Direct testimony and all other evidence in support of the challenged expert must be reduced to affidavits and/or deposition excerpts of each and all witnesses to be used and such material filed with the Court's clerk no later than 4:00 p.m., four (4) days before the hearing. Such sponsoring evidence must be exchanged so as to be received in opposing counsel's office by 4:00 p.m., four (4) days before the hearing.

At the hearing, affiants, including challenged expert witnesses, may be present in the courtroom, but may not be presented for direct testimony in addition to their affidavits or deposition excerpts. The objecting party may cross examine affiants including challenged expert witnesses, if present in the Courtroom, only after which will the sponsoring party be permitted re-direct examination.

Please be advised that a challenge to the opinion of an expert, which is contained as evidence in the response to a Summary Judgment Motion, will likely result in the continuance of the Summary Judgment hearing so as not to work prejudice to the Summary Judgment Respondent, who, in effect, would otherwise be required to defend an expert at a Daubert/ Robinson hearing upon limited notice.

## MISCELLANEOUS

**Telephone Hearings (For parties out of town).** — Participation in hearings by telephone for parties out of town is encouraged. Arrangements should be made with the Court Administrator.

**Default and Minor Prove-Ups.** — Unless instructed otherwise by the Court, default judgments should be presented by submission through affidavits; minor prove-ups shall be set for a hearing through the Court Administrator (which are to be held on Mondays).

**Continuances.** — Despite Dallas County Local Civil Rule 3.01(b), The Court does ***not*** require that continuances be signed by the Parties in addition to the Counsel (unless *pro se*, of course). However, be advised that an Agreed Motion for Continuance will not always be granted, especially those filed within two weeks before trial.

**Judgments** – Pursuant to Tex. R. Civ. P. 299a, do ***not*** include findings of fact in any proposed Judgment for the Court. The Court will ***not*** sign any such Judgments. After a trial, the prevailing party shall tender a judgment to the Court within 30 days or the case is subject to being dismissed without prejudice. Concerning the procedure of tendering Judgments to the Court, the Parties are **ORDERED** to comply with Dallas County Local Civil Rule 2.08, as if this Rule applied to judgments in addition to orders, and as if the Court requested such judgment to be presented after trial.

All parties in receipt of this Scheduling Order are **ORDERED** to serve a copy of this Order on any Parties making an appearance after the date of this Order.

SIGNED this **November 13, 2015**

Carl Ginsberg

The Honorable Carl Ginsberg
193rd Judicial District Court

# Exhibit A-3-f

359L

DC-15-11829

**COLLINS-LEVERETT ASSOCIATES, INC.**
**vs.**
**TRAVELERS CASUALTY INSURANCE COMPANY OF AMERICA, et al**

**IN THE DISTRICT COURT**
**193RD JUDICIAL DISTRICT**
**DALLAS COUNTY TEXAS**

**STANDING ORDER IN LIMINE**

STANDING ORDER IN *LIMINE* FOR TRIAL OF CIVIL JURY CASES

During the trial of any civil jury case in the District Court, unless and except to the extent that the operation of this order shall have been suspended with reference to such specific trial, no attorney shall make mention, refer to or suggest any of the matters hereinafter set forth in the presence or hearing of the jury, the venire, or of any member of either without first approaching the bench and securing a ruling from the Court authorizing such reference. In addition, each attorney shall admonish the client, client's representatives and all non-adverse witnesses the attorney may call to testify similarly to refrain from any such statement, reference or suggestion unless same is essential to respond truthfully to a question asked by opposing counsel. Notwithstanding any language to the contrary, this Order is not a final ruling on the admissibility of items addressed herein, but is merely an Order in *Limine*.

The matters to which reference is prohibited by this order are as follows:

1. **Insurance**. Unless an insurance company is a named Defendant, that the Defendant is or is not protected, in whole or in part, by liability insurance, or that defense counsel was retained by, or all or any part of the costs of defense, or of any resulting judgment, are or will be paid by an insurance company, or any other matter suggesting an involvement of any insurance company with the defense of the case.

2. **Jurors' Connection with Insurance Industry**. Inquiring of potential jurors as to their present or past employment or connection with the insurance industry, or present or past connection of any family member with the insurance industry, except that:
a) If a potential juror's juror information card discloses employment in the insurance industry, such potential juror may be questioned concerning same.
b) Inquiry may be made of potential jurors concerning their experience (or that of members of their family), if any, reviewing, adjusting or allowing/disallowing claims, as long as no express reference is made to the word "insurance." Instead, Counsel should use the terms "risk management" or "claims adjusting."

3. **Liability or Non-Liability for Judgment.** That the named Defendant(s) may or may not have to pay any resulting judgment. However, a Plaintiff may argue that the Jury should consider damages not from the perspective of what the Defendant should pay, but from the perspective of what damages the Plaintiff is entitled under the evidence.

4. **Collateral Source.** That any portion of the damages sought by Plaintiff have been, or will be paid by any collateral source, including but not limited to:

a) health and accident or disability insurance.

b) any employee benefit plan, formal or informal, including payment of wages for time not actually worked.

c) social security or welfare.

d) veterans or other benefits.

e) that such bills have not been "paid" or "incurred" by the Plaintiff unless and until Defendant can show that such bills have not been "incurred" as per the Courts' definition in Black v. Am. Bankers Ins. Co., 478 SW.2nd 434, 436 (Tex. 1972) & Texarkana Mem'l Hosp., Inc. v. Murdock, 903 S.W.2d 868, 874 (Tex. App. Texarkana 1995), *rev'd on other grounds*, 946 S.W.2nd 836 (Tex. 1997).

5. **Retention of Attorney.** The time or circumstances under which either party consulted or retained an attorney, including whether such consultation or retention occurred before or after other events relevant to the underlying nature of the dispute, such as going to see a health care provider, or upon being served with citation.

6. **Cases involving Tex. Civ. Prac. & Rem. Code 18.001, *et seq.* Affidavits.** If a Party has filed an affidavit, pursuant to Tex. Civ. Prac. & Rem. Code 18.001, *et seq*, which has not been properly controverted under the statute, then the opposing Party may not argue, *directly or indirectly*, that such services were not necessary, or that the charges therefor were not reasonable.

If a Party has filed an affidavit, pursuant to Tex. Civ. Prac. & Rem. Code 18.001, *et seq*, which has not been properly controverted under the statute, then the opposing Party may not mention whether the Party filing the affidavit was referred to such service provider by any attorney.

If a Party has filed an affidavit, pursuant to Tex. Civ. Prac. & Rem. Code 18.001, *et seq*, which has not been properly controverted under the statute, then the opposing Party may not mention whether payment for services has been paid, will be paid, or whether such payment is contingent on the outcome of the case.

If a Party has filed a controverting affidavit, pursuant to Tex. Civ. Prac. & Rem. Code 18.001, *et seq*,, then such Party is limited to the bases in the affidavit for controverting the necessity of the services, or the reasonableness of the charges therefore.

If a Party has filed an affidavit, and the opposing Party has filed a controverting affidavit, both pursuant to Tex. Civ. Prac. & Rem. Code 18.001, *et seq*,, then neither the affidavit, nor the controverting affidavit shall be presented to the jury, in the absence of an agreement.

7.   **Lack of Driver's License.**  Any mention that any party to a motor vehicle collision did not have a valid Driver's License, unless there is a claim of negligent entrustment of a vehicle to such person. *See* Medina v. Salinas, 736 SW2d 224 (Tex- App. Corpus Christi 1987) and Miller v. Jones, 270 SW2d 303, (Tex. Civ. App. Dallas 1954).

8. **Attorneys' Fees.** That any party will have to pay attorneys' fees, or any reference to the amount or basis of any attorneys' fees, unless a claim for recovery of attorneys' fees in the case will be submitted to the jury.

9. **Independent Medical Examination.** That the plaintiff offered to, or was or is willing to, undergo an examination by an independent physician or psychologist.

10. **Criminal Offenses.** That any party or witness has been suspected of, arrested for, charged with or convicted of any criminal offense unless there is evidence of a specific conviction that the Court has previously ruled is admissible in the case.

11. **Alcohol or Drug Use.** That any party or witness uses or abuses alcohol, tobacco, or any controlled substance, unless and until such alleged use or abuse is shown to be specifically relevant to the matters in controversy.

12. **Settlement Negotiations or Mediation.** Any negotiations, offers or demands with respect to any attempted settlement or mediation.  Any mention whether mediation took place, or any statements made at the mediation subject to the rules of confidentiality pursuant to the Tex. Civ. Prac. & Rem. Code § 154.073.

13. **Discovery Disputes.** Any reference to discovery disputes that arose during the preparation of the case for trial, any position taken by any party with respect thereto, or to the Court's rulings thereon.

14. **Prior Suits or Claims.** That any party has been a party to any prior lawsuit, or has asserted any prior claim, or that any prior claim has been asserted against a party; provided that this clause does not prohibit inquiry about a prior injury that may have been the subject of a claim, as distinguished from the claim, suit or settlement with reference thereto, if the nature of injuries claimed in the present suit make the same relevant.

15. **Cases Involving Previous Partial Summary Judgment.** In cases where the Court has previously granted a partial summary judgment, any reference to any matter that the Court has already ruled upon as a matter of law, which would suggest that the jury could revisit the mater.

16. **Testimony of Absent Witness.** Any statement or suggestion as to the probable testimony of any witness or alleged witness who is unavailable to testify, or whom the party suggesting such testimony does not, in good faith, expect to testify in the trial. If the party is expected to testify

by deposition, this provision does not apply to testimony contained in the deposition expected to be offered.

17. **Failure to Call Witness**. Any reference to the failure of an opposing party to call any witness.

18. **Hearsay Medical Opinions**. Any hearsay statement offered for the truth of the statement by an allegedly injured person concerning any diagnosis or medical opinions communicated to such person by a physician or other health care provider.

19. **Photographs and Visual Aids**. Showing any documents, photographs or visual aids to the jury, or displaying same in such manner that the jury or any member thereof can see the same, unless and until the same has been tendered to opposing counsel, and has been admitted in evidence or approved for admission or use before the jury, either by the Court or by all counsel.

In motor vehicle collision cases, any showing to the jury or oral references to the jury concerning photographs of the condition of vehicles involved in the collision, unless and until, the moving party produces competent expert testimony that the injury sustained to any person involved bears any proportional relationship to the damage sustained to the vehicles involved.

20. **Requests for Stipulations**. Any request or demand in the presence of the jury for a stipulation to any fact, or that counsel admit or deny any fact.

21. **Requests for Files**. Any request or demand in the presence of the jury that opposing counsel produce any document or thing, or that opposing counsel or any party or witness exhibit, turn over or allow examination of the contents of any file or briefcase (except that a party may demand to see a document used by a witness on the stand to refresh his/her recollection, or that a witness testifies that he/she has used previously to refresh his/her recollection).

22. **Discrimination**. Any argument or inference that a party or witness should be treated more or less favorably, or that the credibility of any witness should be weighed differently, because of such party's or witness's race, gender (or gender identification), national origin, nationality, religion (or non-religion), marital status, sexual orientation, occupation, or financial status (except that financial status may be mentioned in the second phase of a bifurcated trial on exemplary damages). This includes statements such as a party or witness is "G-d fearing," "church going," or a "regular tithing individual."

23. **Social Cost of Award**. Any argument or suggestion that an award of damages will affect insurance premiums, the price of any goods or services, or the level of taxation.

24. **Hardship or Privation**. Any argument or suggestion that a failure to award damages will cause a Plaintiff privation or financial hardship.

25. **Golden Rule**. Any argument or suggestion that the jurors should put themselves in the position of a party.

26. **Counsel's Opinion of Credibility.** Any expression of counsel's personal opinion regarding the credibility of any witness.

27. **Effect of Answers to Jury Questions.** Any argument that any finding or failure to find in response to a particular jury question will, or will not result in a judgment favorable to any party. This provision does not bar argument by counsel that a particular jury question should be answered in a particular way.

28. **Evidence Not Produced in Discovery Response to a Proper Request.** Calling any witness, or offering any document in evidence, if the identity of such witness or the document has not been disclosed in response to a proper discovery request. If a party has a good faith basis to urge that such witness or document should be received either because (a) no discovery request properly called for its disclosure, or (b) good cause existed for failure timely to disclose, such party shall first approach the bench and secure a ruling thereon. Counsel are advised that to the extent possible or predictable, such matters should be addressed and a ruling sought at pretrial once the case is assigned for trial.

29. **Objections to Evidence Not Produced in Discovery.** Any objection based on failure to disclose evidence in pre-trial discovery. Any party desiring to urge any such objection shall request to approach the bench and urge such objection outside the hearing of the jury. To the extent possible or predictable, such matters should be addressed and a ruling sought at pretrial once the case is assigned for trial, although the objection may be urged for the record outside the hearing of the jury at the time such evidence is offered in the event the Court has overruled the objection at pretrial.

30. **Pleadings**. Any examination of a witness questioning the witness about the contents of the pleadings, as such are ordinarily drafted by Counsel, unless the Party signed the pleading (e.g. pro se party, verified pleading, *etc.*)

Signed this **November 13, 2015**

Carl Ginsberg

The Honorable Carl Ginsberg
193rd Judicial District Court

# Exhibit A-3-g



**DC-15-11829**

| COLLINS-LEVERETT ASSOCIATES, INC. vs. TRAVELERS CASUALTY INSURANCE COMPANY OF AMERICA, et al | IN THE DISTRICT COURT 193RD JUDICIAL DISTRICT DALLAS COUNTY TEXAS |
|---|---|

**193rd CIVIL DISTRICT COURT'S MEDIATION ORDER**

**1. APPOINTMENT OF MEDIATOR, OBJECTIONS AND SUBSTITUTIONS**

The Court finds this case is appropriate for mediation pursuant to Section 154.001 et seq. of the Texas Civil Practice and Remedies Code and hereby **ORDERS** mediation pursuant to this Order. The Court hereby **APPOINTS RICHARD FAULKNER** at **111 Spring Valley, #250, Richardson, TX 75081, 214-373-7788** as mediator. Any Motions to Substitute Mediator shall be filed no later than fourteen (14) days of the date this Order is signed, with service of the Motion upon the Mediator appointed herein. Any such Motion to Substitute *must* be accompanied by a resume / curriculum vitae of the Mediator whom the parties seek to be appointed, or it is subject to being summarily denied. Any Motion to Substitute Mediator filed beyond such fourteen (14) time period may be made only under extraordinary circumstances based on good cause. Any Motion to Substitute Mediation, in personal injury cases, must also include a statement that the Mediation is not to be scheduled for less than a half-day session. Any Objection to Mediation shall be filed no later than ten (10) days of the date this Order is signed, with service of the Objection upon the Mediator appointed herein. In the case of an Objection to mediation, a hearing before the Court on the Objection must be requested simultaneously with the filing of the Objection with the Clerk or the Objection may be waived.

**2. PEOPLE WHO MUST BE PRESENT AT MEDIATION - MEDIATION DISCLOSURE FORM**

The named Parties themselves, as well as Counsel, shall be physically present during the entire mediation process. However, if a named party is not a natural person, such entity must be represented by an authorized director, officer, representative, or employee of the organization with full authority to settle all issues presented in the cause, who along with Counsel, shall be physically present during the entire mediation process.

In the event that a named party has indemnity and/or liability coverage, such that *full* settlement authority is vested in any type of insurer, then the named party is not required to (but may) attend the mediation. However, in such case, a representative of the insurer, **with full settlement authority up to the policy limits**, shall be physically present during the entire mediation process. If settlement authority is in any way divided between and/or among named parties and/or any type of insurer, then the named party ***and*** a representative of the insurer, **with full settlement authority up to the policy limits**, shall be physically present during the entire mediation process. Unless leave is granted by the Court, all aforementioned parties, authorized agents, attorneys and representatives must come to the physical location of the mediation personally and not by electronic or telephone or other remote contact or communication.

Government entities that, by their charters or other law, require authority of an elected body or elected official(s) to approve final settlement of all claims in the instant cause, may designate a representative to attend the mediation, who, along with Counsel, shall be physically present during the entire mediation process. If the government entity does not have such a charter provision or law in effect,

then a representative of the government entity with full authority to settle all issues presented in the cause, who along with Counsel, shall be physically present during the entire mediation process.

At least thirty (30) days before the mediation, any Party, who, pursuant to the previous three paragraphs, shall have a person present at the mediation, other than the natural person Party, is hereby **ORDERED** to file a written Disclosure with the Court. Such Written Disclosure shall indicate all persons who shall attend the mediation in compliance with the previous three paragraphs, other than a natural person Party(ies). Such written Disclosure **shall** include the name, title, home & office address, home & telephone number, of such person. In the case of representatives of indemnity and/or liability carriers and/or adjusters, such written Disclosure shall also include a *verified* statement that such person has full settlement authority to settle all issues in the instant cause, up to policy limits.

Each Party shall serve such written Disclosure upon all other Party(ies) (through Counsel, if represented) and to the Mediator. If the Mediator has not received said Disclosures at least thirty (30) days before the Mediation, in the form so proscribed by this Order, the Mediator is hereby **ORDERED** to inform the Court, in writing, that said written Disclosures have not been filed and/or served. **Failure to abide the mandates of this paragraph, shall subject the offending Party and/or Mediator to potential sanction(s) by the Court.**

It shall not be necessary for a Party to file such a Written Disclosure if only the natural person Party (and his/her Counsel) is required to attend the Mediation by the terms of this Order.

Counsel for Parties required to file a Written Disclosure pursuant to this Order are hereby **ORDERED** to deliver a copy of this Order to all such persons ordered herein to be identified in the Written Disclosure, who shall then be presumed to have received notice of the contents of this Order.

**3. MEDIATION DATE & CANCELLATION OF MEDIATION**

If the parties and mediator cannot agree upon a mediation date, the mediator **shall** select a date for the mediation, transmit that date in writing to all counsel and/or pro-se parties; and all parties and representatives shall appear as directed by the mediator. The date agreed to by the parties and/or set by the mediator, confirmed by a written transmission to each Counsel or pro-se party, is incorporated in this Order as the date upon which the mediation shall occur. It is hereby **ORDERED** that the parties shall mediate this case no later than fifty (50) days before the initial Trial Setting (the "Mediation Deadline"), unless modified by a written Order of the Court. In the event that the Mediation does not take by the Mediation Deadline, the Mediator is hereby **ORDERED** to notify the Court that the Mediation has not taken place and request that a status conference be scheduled before the Court for the Parties (through Counsel, if represented) to explain why the case has not been set for mediation. In personal injury cases, the Mediator shall not set the mediation for less than a half day session without leave of Court (even if agreed to by the parties).

Once a mediation date is agreed to and/or set by the mediator, and confirmed by a written transmission to each counsel and/or pro-se party, such date shall not be changed, except by the agreement of the Parties and Mediator, or by leave of Court. **The Mediation Date may not be altered if the Mediation cannot be rescheduled to take place on or before the Mediation Deadline, absent leave of Court.**

**4. NON-BINDING, CONFIDENTIAL AND PRIVILEGED**

Mediation is a mandatory but non-binding settlement conference, conducted with the assistance of the mediator. Mediation is private, confidential and privileged from process and discovery. After mediation, the Court will be advised by the mediator, parties and counsel only whether the parties complied with this Order and whether the case settled. Unless otherwise required by law, the mediator

shall not be a witness nor may the mediator's records be subpoenaed or used as evidence, nor shall any person, whether party, agent, representative, or witness, shall be subject to examination with respect to statements or responses thereto that occurred during the mediation process. No subpoenas, citations, writs, or other process shall be served at or near the location of any mediation session, upon any person entering, leaving or attending any mediation session.

5. **REASONABLE MEDIATION FEE**

The mediator will negotiate a reasonable fee with the parties which shall be divided and borne equally by the parties, unless agreed otherwise, and paid by the parties directly to the mediator before mediation commences and shall be taxed as costs. If the parties do not agree upon the fee requested by the mediator, the court will set a reasonable fee, which shall be taxed as costs. In order to comply with the Texas Supreme Court's Second Amended Order Regarding Mandatory Reports of Judicial Appointments and Fees (Miscellaneous Docket No. 07-9188), dated October 30, 2007), the Mediator **must** submit the attached Order Approving Mediator Fees to the Court. The Mediator shall submit the Order to the Court with the fees requested, and if there is no objection filed within 3 days, the Court will sign said Order after the said 3 days.

6. **RULES FOR MEDIATION INCORPORATED HEREIN**

Each party and their counsel will be bound by the rules for mediation printed on the reverse hereof, and/or attached hereto and incorporated herein as if fully set forth, and shall complete the information forms as are furnished by the mediator.

7. **SANCTIONS**

Failure or refusal to comply with this Mediation Order may result in the imposition of sanctions, as permitted by law, which may include dismissal or default judgment. Failure to mediate will not be considered cause for continuance of the trial date. Referral to mediation is neither a substitute for nor a cause for delay of trial, and the case will be tried if not settled.

8. **MEDIATOR'S REPORT**

A report regarding the outcome of the mediation session is to be sent by the mediator to the Court, with a copy to each counsel, and/or pro-se party within ten (10) days after settlement of the case, or the mediator calls an impasse.

**IT IS SO ORDERED.**

SIGNED this **November 13, 2015**

Carl Ginsberg

The Honorable Carl Ginsberg
193rd Judicial District Court

cc: Counsel of Record
Mediator

RULES FOR MEDIATION

1. **Definition of Mediation.** Mediation is a process under which an impartial person, the mediator, facilitates communication between the parties to promote reconciliation, settlement or understanding among them. The mediator may suggest ways of resolving the dispute, but may not impose his own judgment on the issues for that of the parties.

2. **Conditions Precedent to Serving a Mediator.** The mediator shall not serve as a mediator in any dispute in which he has any financial or personal interest in the result of the mediation. Prior to accepting an appointment, the mediator shall disclose any circumstances likely to create a presumption of bias or prevent a prompt meeting with the parties.

3. **Authority of Mediator.** The mediator does not have the authority to decide any issue for the parties, but will attempt to facilitate the voluntary resolution of the dispute by the parties. The mediator is authorized to conduct joint and separate meetings with the parties and to offer suggestions to assist the parties achieve settlement. If necessary, the mediator may also obtain expert advice concerning technical aspects of the dispute, provided that the parties agree and assume the expenses of obtaining such advice, arrangements for obtaining such advice shall be made by the mediator of the parties, as the mediator shall determine.

4. **Parties Responsible for Negotiating Their Own Settlement.** The parties understand that the mediator will not and cannot impose a settlement in their case. The mediator, as an advocate for settlement, will use every effort to facilitate the negotiations of the parties. The mediator does not warrant or represent that settlement will result from the mediation process.

5. **Authority of Representatives.** Party representatives must have authority to settle and all persons necessary to the decision to settle shall be present.

6. **Time and Place of Mediation.** The mediator shall fix the time of each mediation session. The mediation shall be held at the office of mediator, or at any other convenient location agreeable to the mediator and the parties, as the mediator shall determine.

7. **Privacy.** Mediation sessions are private. The parties and their representatives may attend mediation sessions. Other persons may attend only with the permission of the parties and with the consent of the mediator.

8. **Confidentiality.** Confidential information disclosed to a mediator by the parties or by witnesses in the course of the mediation shall not be divulged by the mediator. All records, reports or other documents received by a mediator while serving in that capacity shall be confidential. The mediator shall not be compelled to divulge such records or to testify in regard to the mediation in any adversary proceeding or judicial forum except as may be provided in Section 154.073 of the Texas Civil Practice and Remedies Code. Any party that violates this order may be subject to the imposition of sanctions as may be permitted by law. The parties shall maintain the confidentiality of the mediation and shall not rely on, or introduce as evidence in any arbitral, judicial or other proceeding: A) Views expressed or suggestions made by another party with respect to a possible settlement of the dispute; B) Admissions made by another party in the course of the mediation proceedings; C) Proposals made or views expressed by the mediator; or D) The fact that another party had or had not indicated willingness to accept a proposal for settlement made by the mediator.

9. **No Stenographic Record.** There shall be no stenographic record of the mediation process and no person shall tape record any portion of the mediation session.

10. **No Service of Process At or Near The Site of The Mediation Session.** No Subpoenas, summons, complaints, citations, writs or other process mnay be served upon any person at or near the site of any mediation session upon any person entering, attending or leaving the session.

11. **Termination of Mediation.** The mediation shall be terminated: A) By the execution of a settlement agreement by the parties; B) By declaration of the mediator to the effect that further efforts at mediation are no longer worthwhile; or C) After the completion of one full mediation session, by a written declaration of a party or parties to the effect that the mediation proceedings are terminated.

12. **Interpretation and Application of Rules.** The mediator shall interpret and apply these rules.

13. **Fees and Expenses.** The mediators daily fee, if agreed upon prior to mediation, shall be paid in advance of each mediation day. The expenses of witnesses for either side shall be paid by the party producing such witnesses. All other expenses of the mediation, including fees and expenses of the mediator, and the expenses of any witness and the cost of any proofs or expert advice produced at the direct request of the mediator, shall be borne equally by the parties unless they agree otherwise.



**DC-15-11829**

| | |
|---|---|
| **COLLINS-LEVERETT ASSOCIATES, INC.** | **IN THE DISTRICT COURT** |
| **vs.** | **193RD JUDICIAL DISTRICT** |
| **TRAVELERS CASUALTY INSURANCE COMPANY OF AMERICA, et al** | **DALLAS COUNTY TEXAS** |

## ORDER APPROVING MEDIATOR FEES

On this day came to be heard the Application of the Mediator appointed by the Court (either by original appointment or by order of substitution) in the above-styled cause for payment of mediator's fees.

The Court hereby Orders that each party pay to ______________________________________, the mediator, a reasonable mediation fee of $________________________, which shall be treated as taxable Court Costs.

Signed this _________ day of ___________________, 20__.

_____________________________
The Honorable Carl Ginsberg
193rd Judicial District Court