IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| COLLINS-LEVERETT ASSOCIATES INC., | § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. 3:15-CV-03744-N |
| TRAVELERS CASUALTY INSURANCE COMPANY OF AMERICA, *et al.*, | § § § § | |
| Defendants. | § § | |

# ORDER

This Order addresses Plaintiff Collins-Leverett Associates, Inc.'s ("Collins-Leverett") motion to remand [5]. Because Collins-Leverett properly joined an in-state defendant, the Court grants the motion.

## I. REMOVAL TO FEDERAL COURT

This action arises from Defendant Travelers Casualty Insurance Company of America's (Travelers") adjustment of Collins-Leverett's claim under an insurance policy. According to the allegations in Collins-Leverett's Original Petition, Collins-Leverett owns a shopping center in Denton, Texas (the "Property"), that suffered storm damage. Notice of Removal, Ex. A-3-a ¶¶ 10, 12 [1-3] ("Pl.'s Original Pet."). Collins-Leverett submitted a claim for the damage to Travelers. *Id.* ¶ 13. Collins-Leverett asserts that Travelers wrongfully denied full coverage of the claim. *Id.* ¶¶ 14–22.

In addition, Collins-Leverett accuses Defendants Kevin Wood and Ronnie Daly of wrongful conduct associated with the investigation and adjustment of its claim with Travelers. In short, Collins-Leverett alleges that Wood provided inadequate estimates for the cost of repairing the Property. *Id.* ¶ 24. Collins-Leverett also asserts that Wood held himself out as an independent and unbiased third-party contractor, when in fact he is a former Travelers claims adjuster and an approved and recommended vendor of Travelers. *Id.* As for Daly, Collins-Leverett maintains that he conducted a "substandard, results-oriented inspection" of the Property, *id.* ¶ 45, and that he actually attempted to cover up storm damage by maneuvering or manipulating the soffit on the Property's roof, *id.* ¶¶ 52–53. Collins-Leverett claims that Daly's manipulation of the soffit caused further damage to the roof. *Id.* ¶¶ 64–66.

Collins-Leverett filed suit against the defendants in the 193rd Judicial District Court of Dallas County, Texas. *See* Notice of Removal 1 [1]. Collins-Leverett's Original Petition asserted claims against Travelers for breach of contract and violations of the Texas Insurance Code. Collins-Leverett also brought Texas Insurance Code claims against Wood and Daly. Collins-Leverett made separate and independent claims against Daly for violation of the Unfair and Deceptive Trade Practices Act and for negligence, and against Wood for negligent misrepresentation. Collins-Leverett asserted claims for conspiracy against all three defendants.

After Collins-Leverett served Travelers and Wood with process, Travelers removed this action under 29 U.S.C. § 1441. Travelers contends that Collins-Leverett improperly

ORDER – PAGE 2

joined in-state defendants Daly and Wood in the lawsuit. Collins-Leverett now seeks to remand the case back to state court.

## II. STANDARD FOR IMPROPER JOINDER

The improper joinder doctrine allows a court to "ignore an improperly joined, non-diverse defendant in determining subject matter jurisdiction." *Ross v. Nationwide Prop. & Cas. Ins. Co.*, 2013 WL 1290225, at *2 (S.D. Tex. 2013) (citing *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 572 (5th Cir. 2004) (en banc)). The Fifth Circuit recognizes two ways to establish improper joinder: "'(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court.'" *Smallwood*, 385 F.3d at 573 (quoting *Travis v. Irby*, 326 F.3d 644, 646–47 (5th Cir. 2003)). The test for the latter, at issue here, is "whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Id.*

"In deciding whether a party was improperly joined, we resolve all contested factual issues and ambiguities of state law in favor of the plaintiff." *Gasch v. Hartford Accident & Indem. Co.*, 491 F.3d 278, 281 (5th Cir. 2007) (citation omitted). "The burden of persuasion on those who claim [improper] joinder is a heavy one." *Travis*, 326 F.3d at 649 (citation omitted). Defendants "must prove their claim of fraudulent joinder by clear and convincing evidence." *Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Grp., Ltd.*, 800 F.3d 143, 148 (5th Cir. 2015) (citing *Grassi v. Ciba-Geigy, Ltd.*, 894 F.2d 181, 186 (5th Cir. 1990)).

### III. THE COURT GRANTS THE MOTION TO REMAND

To decide whether Collins-Leverett might recover against Wood or Daly, the Court applies the Texas pleading standard. *See Int'l Energy Ventures*, 800 F.3d at 143. "Texas follows a 'fair notice' standard for pleading, which looks to whether the opposing party can ascertain from the pleading the nature and basic issues of the controversy and what testimony will be relevant." *Horizon/CMS Healthcare Corp. v. Auld*, 34 S.W.3d 887, 896 (Tex. 2000).[1] The issue, then, is whether, in light of the Texas "fair notice" pleading standard, Collins-Leverett's petition establishes a reasonable basis to predict that Collins-Leverett might recover against either Wood or Daly.

The Court determines that Collins-Leverett has a possibility of recovery on its claim for negligent misrepresentation against Wood. To establish a claim for negligent misrepresentation, a plaintiff must show:

> (1) the representation is made by a defendant in the course of his business, or in a transaction in which he has a pecuniary interest; (2) the defendant supplies 'false information' for the guidance of others in their business; (3) the defendant did not exercise reasonable care or competence in obtaining or communicating the information; and (4) the plaintiff suffers pecuniary loss by justifiably relying on the representation.

---

[1]Travelers did not object to Collins-Leverett's position that Texas's fair notice pleading standard applies to the improper joinder analysis. Accordingly, the Court does not consider whether a different pleading standard might be appropriate. *See generally* Brad Brewer and Tyler McGuire, *The Uncertainty Of Remand In Texas*, Law360, March 18, 2016, http://www.law360.com/articles/773116?utm_source=rss&utm_medium=rss&utm_campaign=articles_search (discussing the effect of newly-enacted Texas Rule of Civil Procedure 91a on motions to remand).

*Fed. Land Bank Ass'n of Tyler v. Sloane*, 825 S.W.2d 439, 442 (Tex. 1991). Here, Collins-Leverett alleges that Wood misrepresented his affiliation with Travelers while providing a repair estimate, and that his estimate was inaccurate, failed to comply with local city codes, and undervalued the cost of necessary repairs. Pl.'s Original Pet. ¶¶ 72–74. Although Collins-Leverett does not specifically state that it "justifiably relied" on Wood's misrepresentation, the Texas fair notice pleading standard does not require Collins-Leverett to allege its claim with that kind of particularity. Rather, the allegations merely need to inform the opposing party of "the nature and basic issues of the controversy and what testimony will be relevant." *Horizon*, 34 S.W.3d at 896.

Collins-Leverett's Original Petition places Wood on sufficient notice of the nature of its claim for negligent misrepresentation. Travelers has not identified any law or fact that would preclude Collins-Leverett's recovery against Wood. The Court thus finds that Collins-Leverett has a possibility of recovery on the negligent misrepresentation claim against Wood.

Where, as here, "jurisdiction is based on diversity of citizenship . . . , the action is removable only if there is complete diversity and 'none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.'" *Crockett v. R.J. Reynolds Tobacco, Co.*, 436 F.3d 529, 531–32 (5th Cir. 2006) (quoting 18 U.S.C. § 1441(b)). Because Collins-Leverett has established a cause of action against Wood, Collins-Leverett properly joined Wood in the lawsuit. Moreover, the parties agree that Wood is a citizen of Texas for the purpose of determining diversity jurisdiction, and that Collins-Leverett served Wood with process. Travelers's removal of this suit violates the no-local-

defendant rule, and the Court lacks subject matter jurisdiction. Accordingly, the Court grants Collins-Leverett's motion to remand.

### IV. THE COURT DENIES THE REQUEST FOR FEES AND COSTS

Collins-Leverett seeks an award of attorney's fees and court costs associated with the removal of this action. Under 28 U.S.C. § 1447(c), "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." Plaintiffs are not entitled to an automatic award of attorney's fees upon a successful motion to remand. *Am. Airlines, Inc. v. Sabre, Inc.*, 694 F.3d 539, 541 (5th Cir. 2012). "Rather, a court may award attorney's fees when the removing party lacks an objectively reasonable basis for removal." *Id.* at 542 (internal quotation marks and citation omitted). An award of costs is especially appropriate where defendants remove "for the purpose of prolonging litigation and imposing costs on the opposing party." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 140 (2005). Courts should also bear in mind, however, "Congress's basic decision to afford defendants a right to remove as a general matter, when the statutory criteria are satisfied." *Id.*

Although Travelers's basis for removal ultimately proved defective, it was not objectively unreasonable. Travelers did not employ any discredited legal theories or rely on disreputable or immaterial evidence in its attempt to invalidate Collins-Leverett's negligent misrepresentation claim. Travelers simply misapplied the Texas pleading standard to Collins-Leverett's allegations. Collins-Leverett has not shown that Travelers removed this

case for the purpose of prolonging litigation or imposing costs. The Court, in its discretion, declines to award attorney's fees and court costs.

## CONCLUSION

The Court grants the motion and remands this suit to the 193rd Judicial District Court of Dallas County, Texas. The Court denies Collins-Leverett's request for attorney's fees and court costs.

Signed March 23, 2016.

                                      David C. Godbey
                                  United States District Judge

ORDER – PAGE 7